1

2

3

4

5

6

7

**F I L E D**
CLERK, U.S. DISTRICT COURT

11/25/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              October 2025 Grand Jury

11  UNITED STATES OF AMERICA,          CR 2:25-cr-00971-JFW

12          Plaintiff,                 I N D I C T M E N T

13          v.                         [18 U.S.C. § 371: Conspiracy; 18
                                       U.S.C. § 1341: Mail Fraud; 18
14  JORGE VASQUEZ, and                 U.S.C. § 981(a)(1)(C) and 28
    GABRIELLA LOPEZ,                   U.S.C. § 2461(c): Criminal
15                                     Forfeiture]
            Defendants.
16

17

18

19      The Grand Jury charges:

20                      COUNT ONE

21                  [18 U.S.C. § 371]

22                 [ALL DEFENDANTS]

23  A.  INTRODUCTORY ALLEGATIONS

24      At times relevant to this indictment:

25      1.  The H-2A visa program allowed employers in the United

26  States to hire foreign workers for temporary or seasonal agricultural

27  work if the employer could not find domestic workers who were able,

28  willing, qualified, and available.  A prospective H-2A worker could

1   not apply for an H-2A visa until the prospective employer had

2   received an approved visa petition from the United States Citizenship

3   and Immigration Services ("USCIS").

4        2.   An H-2A Labor Contractor ("Contractor") was an individual

5   or business that engaged in the employment, recruitment, soliciting,

6   hiring, furnishing, housing, or transportation of H-2A workers,

7   generally on behalf of farms.  A Contractor could petition for H-2A

8   visas for workers who the Contractor would then provide to farms for

9   agricultural work.  Typically, a farm paid the Contractor a lump sum

10   for a specified amount of work, and the Contractor was responsible

11   for paying the H-2A workers.

12        3.   In order to obtain an approved H-2A visa petition for its

13   prospective workers, the H-2A employer, including a Contractor, was

14   required first to file a Department of Labor ("DOL") Form 790 ("Job

15   Order") with the State Workforce Agency ("SWA") in the geographic

16   area of intended employment.  In California, the SWA was the

17   Employment Development Department ("EDD").

18        4.   The Job Order included information relating to the job

19   offer such as wages, hours, the anticipated duration of employment,

20   the geographic area of employment, the type of work, and guarantees

21   regarding free housing and transportation to be provided by the

22   employer to the H-2A workers.

23        5.   Once the SWA approved the Job Order, the employer could

24   obtain a Labor Certification from the DOL by filing a DOL Form 9142A,

25   Application for Temporary Employment Certification.  After receiving

26   the Labor Certification, the employer was required to file a Petition

27   for Nonimmigrant Worker Form I-129 ("Petition") with USCIS.  Once the

28

petition was approved, a prospective H-2A worker could file his or her visa application with the Department of State.

6. The H-2A program included various protections intended to protect domestic workers from negative effects on wages or working conditions and to protect the foreign workers from exploitation, specifically:

a. H-2A employers were prohibited from seeking or receiving payments from workers for any activity related to obtaining a labor certification.

b. H-2A employers were prohibited from charging workers for any tools, supplies, and other equipment required for the job, for any transportation to and from fields, and for any employer-provided housing.

c. H-2A employers were also prohibited from making misrepresentations to H-2A workers regarding the terms, working conditions, benefits, and wages related to their employment in the United States.

d. H-2A employers were required to comply with applicable federal, state, and local employment-related laws and regulations, including employment-related health and safety laws and payroll deductions.

B. OBJECT OF THE CONSPIRACY

7. Beginning on a date unknown, and continuing to on or about November 3, 2025, in Santa Barbara County, within the Central District of California, and elsewhere, defendants JORGE VASQUEZ and GABRIELA LOPEZ knowingly conspired and agreed with each other and others known and unknown to the Grand Jury to commit the following offenses against the United States:

3

1       a.   Mail Fraud, in violation of Title 18, United States

2  Code, Section 1341;

3       b.   False Swearing in an Immigration Matter, in violation

4  of Title 18, United States Code, Section 1546(a); and

5       c.   Fraud in Foreign Labor Contracting, in violation of

6  Title 18, United States Code, Section 1351.

7  C.   <u>MANNER AND MEANS OF THE CONSPIRACY</u>

8     8.   The objects of the conspiracy were carried out, and were to

9  be carried out, in substance, as follows:

10      a.   Defendant VASQUEZ would recruit foreign workers to

11  work for entities controlled by defendants VASQUEZ and LOPEZ on H-2A

12  visas.  These entities included Company 1 and Company 2 (the

13  "Employers").  Defendant VASQUEZ would charge the potential visa

14  recipients approximately $7,500 to $15,000 for the H-2A visas.

15      b.   Defendants VASQUEZ and LOPEZ would cause a Petition

16  for H-2A visas to be filed on behalf of the Employers with the United

17  States Citizenship and Immigration Services ("USCIS").  As part of

18  the application, defendants would falsely represent, among other

19  things, that they did not seek or receive, or would not seek or

20  receive, payments from prospective H-2A workers.

21      c.   Defendants VASQUEZ and LOPEZ knowingly caused the

22  Petition to be delivered by a private and commercial interstate

23  carrier such as FedEx or UPS.

24      d.   Defendants VASQUEZ and LOPEZ would also cause a DOL

25  Form 9142A to be filed on behalf of the Employers with the DOL for

26  the H-2A visas.  As part of the application, defendants would falsely

27  represent, among other things, that they did not seek or receive

28  payments from prospective H-2A workers.  Defendants VASQUEZ and LOPEZ

1  would also represent that the Employers would provide transportation
2  between the workers' living quarters and the Employers' worksites and
3  secure housing without cost to the workers.

4          e.    Defendants VASQUEZ and LOPEZ would arrange for the
5  approved H-2A workers to cross the border in the United States of
6  America.  Once the H-2A workers were in the present in the country,
7  Defendants VASQUEZ and LOPEZ would charge H-2A workers for
8  transportation and housing.  In addition, defendants VASQUEZ and
9  LOPEZ would cause the Employers to pay the H-2A workers at a lower
10 rate than what was promised to the H-2A workers and represented in
11 the Petition and DOL Form 9142A.

12         f.    Defendants VASQUEZ and LOPEZ would prevent H2-A
13 workers from leaving the farm they were working if they did not pay
14 defendants VASQUEZ and LOPEZ additional fees.

15 D.  OVERT ACTS

16     9.   On or about the following dates, in furtherance of the
17 conspiracy and to accomplish its objects, defendants VASQUEZ and
18 LOPEZ, together with others known and unknown to the Grand Jury,
19 committed, and caused others to commit, the following overt acts,
20 among others, within the Central District of California and
21 elsewhere:

22     Overt Act No. 1: On August 17, 2023, defendants VASQUEZ and
23 LOPEZ, along with known and unknown co-conspirators, filed a DOL Form
24 9142A, requesting H-2A visas for Company 2.  The DOL Form 9142A
25 represented that Company 2, and its agents, did not, or would not,
26 seek or receive payments from prospective H-2A workers, and would not
27 charge the workers for transportation or housing.

28

1    <u>Overt Act No. 2</u>: On August 30, 2023, defendants VASQUEZ and
2    LOPEZ, along with known and unknown co-conspirators, filed a DOL Form
3    9142A, requesting H-2A visas for Company 2. The DOL Form 9142A
4    represented that Company 2, and its agents, did not, or would not,
5    seek or receive payments from prospective H-2A workers, and would not
6    charge the workers for transportation or housing.

7    <u>Overt Act No. 3</u>: On September 7, 2023, defendants VASQUEZ and
8    LOPEZ, along with known and unknown co-conspirators, filed a Petition
9    for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for
10   Company 2.  The Petition represented that Company 2, and its agents,
11   did not, or would not, seek or receive payments from prospective H-2A
12   workers.

13   <u>Overt Act No. 4</u>: In or around October 2023, defendant VASQUEZ
14   charged E.A., an individual worker, $15,000 in exchange for an H-2A
15   visa to work at Company 2.

16   <u>Overt Act No. 5</u>: In or around October 2023, defendant VASQUEZ
17   charged A.R., an individual worker, $12,500 in exchange for an H-2A
18   visa to work at Company 2.

19   <u>Overt Act No. 6</u>: On February 12, 2024, defendants VASQUEZ and
20   LOPEZ, along with known and unknown co-conspirators, filed a Petition
21   for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for
22   Company 2.  The Petition represented that Company 2, and its agents,
23   did not, or would not, seek or receive payments from prospective H-2A
24   workers.

25   <u>Overt Act No. 7</u>: On October 8, 2024, defendants VASQUEZ and
26   LOPEZ, along with known and unknown co-conspirators, filed a DOL Form
27   9142A, requesting H-2A visas for Company 1.  The DOL Form 9142A
28   represented that Company 1, and its agents, did not, or would not,

seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

Overt Act No. 8: On February 25, 2025, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a DOL Form 9142A, requesting H-2A visas for Company 1.  The DOL Form 9142A represented that Company 1, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

Overt Act No. 9: On March 28, 2025, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a Petition for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for Company 1.  The Petition represented that Company 1, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers.

Overt Act No. 10: In or around May 2025, defendant VASQUEZ charged P.M., an individual worker, $8,500 in exchange for an H-2A visa to work at Company 1.

Overt Act No. 11: In or around May 2025, defendant VASQUEZ charged A.R., an individual worker, $7,500 in exchange for an H-2A visa to work at Company 1.

Overt Act No. 12: On July 11, 2025, defendant VASQUEZ charged P.M., an individual worker, $5,000 in order for P.M. to leave Company 1.

COUNTS TWO THROUGH FOUR

[18 U.S.C. § 1341; 2(a)]

[ALL DEFENDANTS]

A.    <u>SCHEME TO DEFRAUD</u>

Beginning on a date unknown to the Grand Jury, and continuing through at least in or around November 3, 2025, in Santa Barbara County, within the Central District of California, and elsewhere, defendants JORGE VASQUEZ and GABRIELLA LOPEZ, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud potential H-2A workers, the Department of Labor, the United States Citizenship and Immigration Services, and the Department of State, by means of material false and fraudulent pretenses, misrepresentations, and promises, and the concealment of material facts.

The scheme to defraud was carried out by defendants VASQUEZ and LOPEZ, in substance, as set forth in Paragraph 8 of this Indictment.

B.    <u>USE OF THE MAIL</u>

On or about the dates set forth below, within the Central District of California and elsewhere, defendants VASQUEZ and LOPEZ, each aiding and abetting the other, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused

//

//

the following items to be deposited with and delivered by a private

and commercial interstate carrier:

| Count | Date: | Item Mailed: |
|-------|-------|--------------|
| TWO | September 7, 2023 | An envelope containing a Petition from Company 2 via FedEx |
| THREE | February 12, 2024 | An envelope containing a Petition from Company 2 via FedEx |
| FOUR | March 28, 2025 | An envelope containing a Petition from Company 1 via UPS |

1    FORFEITURE ALLEGATION

2    [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 981(a)(1)(C) and Title 28, United States

7    Code, Section 2461(c), in the event of the defendant's conviction of

8    the offenses set forth in any of Counts One through Six of this

9    Indictment.

10   2.    The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12   (a)   All right, title and interest in any and all property,

13   real or personal, constituting, or derived from, any proceeds

14   traceable to any such offense; and

15   (b)   To the extent such property is not available for

16   forfeiture, a sum of money equal to the total value of the property

17   described in subparagraph (a).

18   3.    Pursuant to Title 21, United States Code, Section 853(p),

19   as incorporated by Title 28, United States Code, Section 2461(c), the

20   defendant, if so convicted, shall forfeit substitute property, up to

21   the total value of the property described in the preceding paragraph

22   if, as the result of any act or omission of the defendant, the

23   property described in the preceding paragraph, or any portion

24   thereof: (a) cannot be located upon the exercise of due diligence;

25   (b) has been transferred, sold to or deposited with a third party;

26   (c) has been placed beyond the jurisdiction of the court; (d) has

27   //

28   //

1  been substantially diminished in value; or (e) has been commingled

2  with other property that cannot be divided without difficulty.

3

4                                      A TRUE BILL

5

6                                      /S/
                                       _____

7                                      Foreperson

8  BILAL A. ESSAYLI
   First Assistant United States
9  Attorney

10 ALEXANDER B. SCHWAB
   Assistant United States Attorney
11 Acting Chief, Criminal Division

12

13

14 FRANCES S. LEWIS
   Assistant United States Attorney
   Chief, General Crimes Section
15
   SHAWN T. ANDREWS
16 Assistant United States Attorney
   Deputy Chief, General Crimes
17 Section

18 NEIL P. THAKOR
   Assistant United States Attorney
19 General Crimes Section

20

21

22

23

24

25

26

27

28