AMY KARLIN (Bar No. 150016)
Interim Federal Public Defender
ANTONIO VILLAAMIL (Bar No. 346321)
(Antonio_Villaamil@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
(213) 894-2854
(213) 894-0081 FAX

Attorneys for Defendant
JORGE VASQUEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES,

Plaintiff,

v.

JORGE VASQUEZ,

Defendant.

CASE NO. 2:25-CR-00971-JFW-1

**DEFENDANT'S SENTENCING POSITION**

Jorge Vasquez, through his attorney of record, Deputy Federal Public Defender Antonio Villaamil, hereby respectfully requests that the Court sentence him to a sentence of eight months' incarceration.

Respectfully submitted,

AMY KARLIN
Interim Federal Public Defender

DATED: August 12, 2026

By */s/ Antonio Villaamil*

ANTONIO VILLAAMIL
Deputy Federal Public Defender

## I. INTRODUCTION

Jorge Vasquez appears before this Court for sentencing having pleaded guilty to a single count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371. He accepted responsibility promptly, stipulated to the factual basis for his plea, and does not contest the advisory Guidelines calculation in the Presentence Report: a total offense level of 12 and a criminal history category of II, yielding an advisory range of 12 to 18 months.

Pursuant to the plea agreement, the government has agreed to recommend a two-level downward variance in Mr. Vasquez's offense level. Mr. Vasquez joins that recommendation and respectfully asks the Court to grant it. A two-level variance produces an effective offense level of 10, which, at criminal history category II, corresponds to a range of 8 to 14 months. Mr. Vasquez requests a sentence at the low end of that range — eight months — followed by the recommended three-year term of supervised release and full restitution. Because Mr. Vasquez has already been in continuous custody for more than nine months, an eight-month sentence results in his prompt release; the Court may equivalently impose a sentence of time served.

Such a sentence is not a lenient one. It is real and substantial punishment for a 66-year-old man in declining health who has already spent more than nine months in pretrial detention, and it is followed by three years of close supervision, a search condition, a felony conviction, and a restitution obligation. The Probation Office — which is not a party to the plea agreement and did not apply the recommended variance — recommends 15 months. But that recommendation rests almost entirely on aggravating considerations the advisory range already captures, chiefly Mr. Vasquez's prior conviction, which is precisely what places him in Criminal History Category II. When the factors set out in 18 U.S.C. § 3553(a) are given their proper weight — Mr. Vasquez's age, his health, his prompt acceptance of responsibility, the modest loss, and the time

he has already served — a low-end sentence following the parties' jointly recommended variance is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).

## II. DISCUSSION

### A. Guidelines Calculation

Mr. Vasquez does not contest the Guidelines calculation in the Presentence Report, which tracks the parties' stipulation in the plea agreement. Pursuant to the plea agreement, the government has agreed to recommend a two-level downward variance. See Plea Agreement ¶ 3(e); PSR ¶ 5. Mr. Vasquez joins that recommendation. Applying the variance to the total offense level of 12 yields an effective offense level of 10 and, at criminal history category II, a resulting range of 8 to 14 months:

| | |
|---|---|
| Base Offense Level (USSG § 2B1.1(a)(2)) | 6 |
| Loss greater than $40,000 (USSG § 2B1.1(b)(1)(D)) | +6 |
| Ten or more victims (USSG § 2B1.1(b)(2)(A)) | +2 |
| Acceptance of Responsibility (USSG § 3E1.1(a)) | -2 |
| Total Offense Level | 12 |
| Government-Recommended Two-Level Variance | -2 |
| Effective Offense Level | 10 |
| Resulting Range (Criminal History Category II) | 8–14 mos. |

The low end of the resulting range is eight months. As set out below, the § 3553(a) factors amply justify both granting the variance the parties jointly recommend and further, imposing a sentence at the bottom of the resulting range.

**B. Mr. Vasquez' History and Characteristics**

In determining the appropriate sentence for a defendant, a sentencing court must "make an individualized assessment based on the facts presented," which includes "a broad command to consider the nature and circumstances of the offense and the history and characteristics of the defendant." *Gall v. United States*, 552 U.S. 38, 50 & n.6 (2007) (quotation marks omitted); 18 U.S.C. § 3553(a). Here, both the circumstances of the offense and Mr. Vasquez' history and characteristics urge a sentence of 8 months' incarceration.

***Mr. Vasquez's history and characteristics weigh in favor of a low-end sentence.*** Mr. Vasquez is 66 years old. His advanced age matters twice over. First, as the Probation Office itself acknowledged, Mr. Vasquez "is approaching an advanced age which will make incarceration more difficult." Every month of imprisonment is harder on an aging body, and time in custody is, in a real sense, more punishing for an older defendant than for a younger one. Second, and equally important, age is among the most reliable predictors of desistance from crime. The United States Sentencing Commission's own research confirms that recidivism declines sharply with age: federal offenders released after age 60 recidivate at dramatically lower rates than younger offenders. See U.S. Sent'g Comm'n, The Effects of Aging on Recidivism Among Federal Offenders (Dec. 2017). Whatever concerns his record might raise about a younger man, the actuarial reality is that a 66-year-old is unlikely to reoffend, and an eight-month term — followed by three years of supervision — is more than adequate to protect the public.

***Health.*** Mr. Vasquez suffers from type 2 diabetes, which requires medication twice daily, as well as high blood pressure managed with additional daily medications, and a history of recurring liver infections. PSR ¶¶ 78–79. As the Probation Office recognized, these conditions "may be exacerbated by incarceration." Managing chronic illness in custody is difficult under the best of circumstances, and these conditions counsel against imposing any more custody than is necessary.

***Acceptance of responsibility and cooperation with the process.*** Mr. Vasquez accepted responsibility at the earliest meaningful opportunity. He pleaded guilty, stipulated to the factual basis as his statement of acceptance, and spared the government and the workers the burden of a trial — notwithstanding that his co-defendant has elected to proceed to trial. PSR ¶¶ 26–27, 43. That acceptance is reflected in the two-level reduction, but it also bears independently on the § 3553(a) analysis: a defendant who takes responsibility, rather than contesting his guilt, has taken the first and most important step toward respect for the law.

***Background, work history, and release plan.*** Mr. Vasquez was born in rural Morelos, Mexico, immigrated to Southern California as a young man, and became a naturalized United States citizen in 1991. PSR ¶¶ 59, 68–69. He has worked continuously since 1988 — as a handyman, a driver, and a picture framer, among other trades. PSR ¶¶ 88, 90. He has a stable place to live upon release, with his longtime partner's adult children in Fontana, with whom he shares a close relationship, and he hopes only to "live a calm life" and work part-time. PSR ¶¶ 75–76. These are the markers of a man with the support and structure needed to complete a term of supervised release successfully.

## III. DETERRENCE, JUST PUNISHMENT, AND PUBLIC PROTECTION

Probation recommends 15 months in order to send a message — a term "slightly higher than the sentence he received for his first federal offense." But that recommendation was made without the benefit of the parties' agreed variance, and the additional custody it entails does little work under § 3553(a) that an eight-month sentence does not already accomplish.

***Just punishment and seriousness.*** Eight months in federal prison — on top of the more than nine months Mr. Vasquez has already served in pretrial detention — is a serious sanction for a 66-year-old man managing chronic illness behind bars. Coupled with three years of supervised release, a search condition, a felony conviction, and a

full restitution obligation, a low-end sentence plainly reflects the seriousness of the offense and provides just punishment.

***Deterrence and public protection.*** Specific deterrence is served both by the custodial term and by the extended period of supervision that will follow, during which Mr. Vasquez's conduct will be closely monitored. And as explained above, the single most powerful predictor of Mr. Vasquez's future conduct — his age — points strongly away from recidivism. General deterrence does not require additional custody either; the message that visa fraud results in federal imprisonment, a felony conviction, supervised release, and full restitution is delivered in equal measure by a low-end sentence.

***The aggravating factors the Probation Office cites are already accounted for in the advisory range.*** Probation's call for a mid-range, above-variance sentence rests principally on Mr. Vasquez's prior federal conviction and the fact that he committed this offense while on supervised release. Those facts are real, and Mr. Vasquez does not dispute them. But they do not justify rejecting the recommended variance or moving off the low end, for three reasons.

First, the prior conviction is already fully reflected in the Guidelines range. It is the sole reason Mr. Vasquez sits in Criminal History Category II rather than Category I. To calculate the range using that conviction and then to cite the same conviction again as a reason to sentence above the bottom of the range is to count it twice. The advisory range already embodies the Commission's judgment about how a defendant with this record should be treated.

Second, the Guidelines themselves decline to attach additional criminal-history weight to Mr. Vasquez's supervised-release status. Under USSG § 4A1.1(e), a "status point" is added only where the defendant received seven or more criminal history points under subsections (a) through (d). Mr. Vasquez has two. The Probation Office correctly added no point on this basis. PSR ¶ 53. The Sentencing Commission has thus already made the considered judgment that, for a defendant with Mr. Vasquez's limited

record, the fact of committing an offense while under supervision does not warrant enhanced treatment. It would be incongruous to give that same fact decisive aggravating weight under § 3553(a).

Third, Mr. Vasquez's broader record is genuinely limited. Beyond the single prior federal conviction, his only other contacts with the criminal justice system are a misdemeanor theft from 1988 and a municipal-code violation from 1999 — both decades old, both scoring zero criminal history points. PSR ¶¶ 49–50. The Probation Office fairly described this as a "minimal criminal history." A minimal record is a reason for restraint, not for a sentence above the floor of the range — and certainly not a reason to reject a variance the government itself recommends.

***Restitution and financial condition.*** Mr. Vasquez has agreed to pay full restitution, currently estimated at approximately $50,000, and does not oppose the entry of a restitution order or a deferred restitution hearing to fix the final amount. He joins the Probation Office's recommendation that any fine be waived: he is represented by appointed counsel, has been incarcerated since November 2025, reported no assets, income, or ability to pay, and faces a substantial restitution obligation. PSR ¶¶ 96–97. Waiver of the fine is consistent with USSG § 5E1.2(a) and ensures that Mr. Vasquez's limited resources are directed to the victims.

**IV.CONCLUSION**

For the reasons stated above, Mr. Vasquez respectfully requests that the Court grant the two-level downward variance the government recommends and impose a sentence at the low end of the resulting range — eight months, or, equivalently in light of the time Mr. Vasquez has already served, a sentence of time served — to be followed by a three-year term of supervised release on the conditions recommended by the Probation Office, with a fine waived and restitution to be determined.

///

///

Such a sentence is sufficient, but not greater than necessary, to serve the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

AMY KARLIN
Interim Federal Public Defender

DATED: August 12, 2026

By *|s| Antonio Villaamil*

ANTONIO VILLAAMIL
Deputy Federal Public Defender